By the Court.—Rapallo, J.,
The draft upon which the plaintiff founds her claim, could not operate as an assignment of the fund in question, for the reason that the fund did not exist at the time the draft was drawn.
The deposits were not made till long afterward. The drawing of the draft, and its delivery to the plaintiff could not, therefore, vest in her any title, legal or equitable, to the money in question. If construed as applicable to any funds which the drawer might deposit after the date of the draft, it was, as to such funds, a mere direction or authority to the bank.
*427 There is nothing in the case to show that the plaintiff had any interest in the matter.
A consideration cannot be presuméd to have been given by the plaintiff for such a draft. She knew the condition of the bank account. It depended upon the future action of the drawer whether or not there would be any fund to which the draft could apply, and there was no evidence of any obligation on his part to create the fund.
Viewing the draft as a mere direction or power, the •plaintiff not having proved any interest, it was revocable, and was revoked by the death of the drawer.
The money belonged to the deceased, and was deposited in his name. It is alleged in the complaint to have been deposited by Mm. The plaintiff was merely Ms agent. The bank became indebted to him for the money, and it is accountable therefor to his executor or administrator.
We are constrained to hold that, on the facts proved, the plaintiff was. not entitled to recover, and that the judgment must be reversed and a new trial ordered, with costs to abide" the event.
Judgment reversed, and new trial ordered, costs to abide event.